# CHAFFIN v. NASHVILLE, C. & ST. L. R. CO.
## —259 S. W. (2d) 877.

Middle Section.   February 27, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

Robert H. Polk and Joseph L. Lackey, of Nashville, for plaintiff.

Walker, Hooker, Keeble, Dodson & Harris, of Nashville, for defendant.

HOWELL, J.  This is a suit for damages filed under the provisions of the Federal Employers' Liability Act, United States Code Annotated Title 45, Section 51, by Charles S. Chaffin, and employee, against the defendant Nashville, Chattanooga & St. Louis Railroad Company, for injuries alleged to have been received while employed by the defendant at one of its shops in Nashville.  The declaration alleges that the plaintiff was employed by the defendant on or about January 18, 1949, and had been so employed for about twenty-seven years, and was engaged in repairing a railroad engine at a round house of the defendant.  The Declaration then alleges that:

"In the course of making repairs to one of defendant's road engines engaged in interstate commerce, defendant negligently put the plaintiff to work installing a drawhead in an under the rear end of said road engine in such a position and under such conditions as to cause great strain to plaintiff, and by reason of such negligence on defendant's part in putting plaintiff to work in such position and under such circumstances, plaintiff suffered injury by reason of a rupture in the inner wall of his stomach down into his scrotum."

Later an amended declaration was filed which did not allege any other negligence but went into more detail as to how plaintiff received his alleged injuries.

The defendant filed a plea of not guilty and the case was heard twice in the Circuit Court.  Upon the second

trial the Judge granted a motion of the defendant and instructed the jury to find for the defendant and the suit was dismissed.

The plaintiff has appealed in error to this Court and has assigned this action of the trial Judge in granting defendant's motion as error.

The section of the United States Code Annotated, Title 45, Section 51 under which the suit is brought is in part as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

The plaintiff insists that he was injured while installing a drawbar on a locomotive, along with three other employees of defendant, on or about January 18, 1949, and that he was negligently furnished an unsafe place to work.

The evidence discloses that plaintiff went to the place where he and his fellow employees were to do this work and found that the place called the "jack pit" was full of water and they did not commence the work until this "jack pit" had been drained. No foreman or superior officer was present giving any orders as to the work and no further complaint was made to anybody. The work was being done by plaintiff and the three other employees with the aid of a crane as the drawbar weighed several hundred pounds, and the work required some exertion on the part of the four men. No superior was present giving these four men orders and they undertook to and did install this drawbar, necessarily doing some heavy lifting in so doing. There is no evidence that the other three men were not doing their part of the lifting. If the plaintiff received his injuries at the time of installing the drawbar he did not report it to any superior for several days thereafter and continued to work. Plaintiff went to a doctor on February 12, 1949 and did report the accident about that time.

In his report the plaintiff said:

" 'We were putting in some drawbars on a K-2 engine and they were heavy and we had to do some hard pushing and lifting and, in some manner, I sustained this rupture. The pain shot down my right side, but it was allayed after a few minutes and I didn't think it was anything. That is the reason I didn't go to the nurses. It kept paining a little every day and I got in the car department and was running that wheel, on that cleaning and burnishing machine, and I had to do some shifting of machines, and it started so bad, I went to the doctor. I had thought it was either chronic appendicitis or constipation, but the doctor told me, no, I was ruptured."

It must be conceded that the kind of work plaintiff was engaged in and had been doing for many years required physical exertion and we do not think that proof that plaintiff received a strain or a rupture from heavy lifting is proof of any negligence on the part of the defendant.

In the case of Stone v. New York, Chicago, St. Louis Railroad Co., 249 S. W. (2d) 442, 443, the Supreme Court of Missouri held:

"Plaintiff's injuries resulted from a 'wrenched' back. They consisted of a herniated disc (later excised) and damage to two lower vertebrae, the causa equina and the right peroneal and sciatic nerves, and a 'dropped' right foot.

"Defendant's first assignment is that the trial court erred in failing to sustain its motion for a directed verdict. As we have concluded that plaintiff did not make a submissible case under the Act, we need not rule the other matters briefed and argued here.

"Before describing the circumstances under which plaintiff sustained his injury, we should state that the record does not contain evidence upon which to base any inferences either that defendant was negligent or that plaintiff's injuries resulted from defendant's alleged negligent acts or omissions. The general principles involved are also first stated.

"Under the Act, the railroad is not an absolute insurer of its employees; the Act imposes liability only for injuries due to negligence. Wilkerson v. McCarthy, 336 U. S. 53, 69 S. Ct. 413, 93 L. Ed. 497. Negligence under the Act is determined by Federal decisional law. Urie v. Thompson, 337 U. S. 163, 69

S. Ct. 1018, 93 L. Ed. 1282. The employee must show that the railroad was negligent and that such negligence was the proximate cause, in whole or in part, of the injury. Tennant v. Peoria & Pekin Union Railway Co., 321 U. S. 29, 64 S. Ct. 409, 88 L. Ed. 520; Tiller v. Atlantic Coast Line R. Co., 318 U. S. 54, 63 S. Ct. 444, 87 L. Ed. 610, 143 A. L. R. 967; Atchison, T. & S. F. Ry. Co. v. Toops, 281 U. S. 351, 50 S. Ct. 281, 74 L. Ed. 896.

" 'Negligence cannot be based merely upon what is possible to occur. "Negligence which imposes liability must result from a faulty or defective foresight. Negligence is predicated on what should have been anticipated, rather than what happened.' '' Williams v. Terminal R. Ass'n of St. Louis, 339 Mo. 594, 98 S. W. (2d) 651, 655. The standard is 'what a reasonable and prudent person would have done under the same circumstances,' Wilkerson v. McCarthy, supra (336 U. S. 53, 69 S. Ct. 417). 'Foreseeability' depends upon the danger to be avoided and consequences reasonably to be anticipated. Urie v. Thompson, supra.''

From a careful consideration of the entire record we cannot say there is any material or substantial evidence of negligence on the part of this defendant and therefore there was no error on the part of the trial Judge in granting the motion of the defendant for a directed verdict in its favor.

We are presented in this case with a motion to strike the bill of exceptions as incomplete because certain exhibits were not included. In our view of the case it is not necessary to pass on this motion.

The assignments of error are overruled and the judgment of the Circuit Court dismissing the suit is affirmed. The plaintiff will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.